BOARD OF SUPERVISORS OF KENT COUNTY *v.* VERKERKE.

PUBLIC OFFICERS — COUNTY TREASURERS — INTEREST ON PUBLIC FUNDS.

> Moneys coming to the hands of a county treasurer by virtue of his office do not become his individual property, but remain public moneys; hence where he deposits them in a bank, and receives interest thereon, such interest belongs, not to the treasurer, but to the county; and this though the funds were received on behalf of the State, or other public corporation aside from the county. 1 Comp. Laws, §§ 1197–1200.

*Certiorari* to Kent; Wolcott, J. Submitted March 5, 1901. Decided September 25, 1901.

*Mandamus* by the board of supervisors of Kent county to compel John A. Verkerke to pay over certain moneys to his successor in the office of county treasurer. From an order denying the writ, relator brings *certiorari.* Reversed.

*Ward & Brown,* for relator.

*Frank A. Rodgers,* for respondent.

HOOKER, J. The respondent held the office of county treasurer for the county of Kent from November 5, 1900, to January 1, 1901. During that time he deposited with a bank in Grand Rapids a sum of money, consisting of the following funds: Delinquent tax money belonging to

the State, $2,296.54; liquor tax money belonging to the city of Grand Rapids, $2,096.66; delinquent school money belonging to the city of Grand Rapids, $5,000; primary school interest money belonging to the townships in Kent county, $20,000,—amounting in all to the sum of $29,393.-20. He received from the bank 2 per cent. interest on this sum, amounting to $55.44, and did not account for or pay the same to his successor. The board of supervisors instituted this proceeding to compel such payment, and the relator has brought *certiorari;* the writ of *mandamus* having been denied by the circuit court.

The respondent maintains that the title to public moneys coming to his hands on behalf of the State and city vested in him, and that the relation was that of debtor and creditor; that the law does not require him to deposit the funds, or contemplate the payment of interest; and that all that is required of him by law is that he account and pay over the amounts of taxes collected, to do which he is personally bound by law and by his bond. It is strenuously insisted that "a public officer is not liable for interest or profits made by him from public funds, in the absence of a statute charging him therewith, when his liability for such funds is absolute."

These funds came into the hands of the county treasurer by virtue of his office. He held them officially, and, whatever may have been his title to such funds under the law passed upon in the case of *Perley* v. *County of Muskegon,* 32 Mich. 132 (20 Am. Rep. 637), they are certainly public moneys under section 1197 of the Compiled Laws, which took effect three months after the *Perley Case* was heard in this court. Not only does section 1197 definitely establish the rule that such funds are public moneys, and therefore cannot belong to the custodian, but section 1198 requires him to keep them separate and apart from his own money, while section 1199 prohibits use by him for a private purpose under any pretext, and forbids the loan of such funds. Section 1200 provides that, where such funds are authorized to be deposited in a bank, the interest

accruing shall belong to and constitute a general fund of the State, county, or other public or municipal corporation, as the case may be.    Under this section, it is clear that, if such money was lawfully deposited, the interest does not belong to the respondent.    His counsel seems to recognize this, but contends that the law did not authorize such deposit, and consequently that the county is not entitled to the interest.    If this is true, the earnings from any unlawful and prohibited use of the money could be held by the county treasurer, notwithstanding the fact that section 1200 contemplates that earnings of such funds shall belong to the public.    We think public policy should preclude the treasurer from asserting his want of authority to make the deposit.    But, aside from this, the general rule that gives the *cestui que trust* the earnings of a trust fund is a sufficient reason for holding that the municipality, and not the treasurer, is entitled to this interest.

It is urged that the county is not entitled to this interest in any event, and therefore the board of supervisors have no right to this writ.    We think section 1200 settles that question by providing that it shall constitute a general fund for the municipality represented by the officer.

The order is reversed, and the writ will issue as prayed, with costs of both courts.

The other Justices concurred.