BROWN *v.* VIDRO.

1. COUNTIES—COUNTY TREASURER NOT ENTITLED TO INTEREST ON UNCLAIMED MONEY—STATUTES.
   Where unclaimed money was deposited by administrator with county treasurer under 3 Comp. Laws 1929, § 15759 *et seq.*, treasurer is not entitled to retain interest received thereon, but is limited to statutory fee.

2. SAME—COUNTY NOT ENTITLED TO INTEREST ON UNCLAIMED MONEY.
   Nor does said interest belong to county, in absence of express statutory provision to contrary.

Appeal from Kent; Perkins (Willis B.), J. Submitted July 5, 1932. (Docket No. 174, Calendar No. 36,647.) Decided September 16, 1932.

Assumpsit by George C. Brown, administrator of the estate of Robert Conrad, deceased, against Thomas Vidro, Kent county treasurer, to recover interest on unclaimed money deposited with defendant pursuant to 3 Comp. Laws 1929, § 15759 *et seq.* Judgment for plaintiff. Defendant appeals. Affirmed.

*George C. Brown,* for plaintiff.

*Bartel J. Jonkman,* for defendant.

WIEST, J. This is case-made from the Kent circuit, and presents the question of right of the treasurer of Kent county to retain interest received upon funds deposited by order of the probate court under the provisions of 3 Comp. Laws 1929, § 15759 *et seq.*

The statute relates to estates of deceased persons, and, to enable closing probate thereof and to protect the rights of heirs, legatees, and claimants whose whereabouts cannot be ascertained, makes it the duty of the probate court to order the executor or administrator to deposit with the county treasurer money belonging to such persons.

The county treasurer is required to receive the money, give bond to the judge of probate, maintain the same in a separate fund, render an annual account, and pay out the fund under order of the probate court, and, for care thereof, a fee is fixed by the statute.

In the case at bar the treasurer received moneys, and, when ordered by the probate court to pay out the same, retained not only the statutory fee but as well the interest received upon deposit thereof.

Defendant prosecutes review of a holding that the interest actually received constitutes a part of the corpus of the fund and may not be withheld.

We agree with the following statement made by the circuit judge:

"The funds being private and not public, the county treasurer, by force of the exigencies of the situation, is made its custodian. He is, in fact, the trustee of such funds and must account to the beneficiary thereof, not only for the corpus of such funds, but for all increment thereto by way of interest less the statutory compensation provided for his service."

The statute arose from a need in closing estates. Similar legislation exists in the State of Illinois. The fund is held, awaiting call or order.

The statutory fee for the holding excludes, by necessary implication, any other recompense.

Defendant's contention that the interest belongs to the county, in the absence of an express statutory provision to the contrary, is without merit.

. Evidently, because of its permanence, the office of county treasurer was selected as custodian of unclaimed moneys in the hands of executors and administrators. To such extent the county treasurer is constituted an administrative officer in probate proceedings, and the county treasurer can no more withhold interest actually earned upon the fund than could an executor or administrator.

The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.