SCHOOL DISTRICT OF THE CITY OF PONTIAC *v.* CITY OF
PONTIAC.

1. Schools and School Districts—Taxation—Interest—Collec-
tion Fees and Penalties.
  City school district which had voted to have city collect the
  school taxes in instalments in the same manner as city taxes
  is entitled to statutory interest charges on delinquent taxes
  but not fees and penalties where statute and city charter pro-
  vided that fees and penalties for the collection of taxes should
  belong to the city (Act No. 337, Pub. Acts 1919; Comp. Laws
  1929, § 3480, as amended by Act No. 134, Pub. Acts 1933;
  §§ 3481, 3483, as amended by Act No. 87, Pub. Acts 1931;
  §§ 7463, 7480; Pontiac City Charter, chap. 11, §§ 6, 16).

2. Interest—Accounting.
  Interest is generally understood to be merely an incident of the
  principal for which accounting must be made.

3. Evidence—Elections—Presumptions—Charters—Taxation—
Schools and School Districts.
  When electors of a city school district vote to have the school
  taxes collected by the city, they are presumed to have done so
  with the knowledge that the city was entitled to collection
  fees provided for by the city charter (Act No. 337, Pub. Acts
  1919; 2 Comp. Laws 1929, §§ 7463, 7480; Pontiac City Charter,
  chap. 11, §§ 6, 7, 14, 16).

4. Municipal Corporations—Charters — Statutes — Conflicts —
Taxation—Schools and School Districts.
  The provisions of a city charter with reference to collection of
  city school taxes must prevail except where contrary to State
  law.

5. Same—Taxation—Collection Fees—Charters—Statutes.
  City charter provisions authorizing the city to retain collection
  fees imposed by the charter are not repugnant to State stat-
  utes (2 Comp. Laws 1929, §§ 7463, 7480; Pontiac City Charter,
  chap. 11, §§ 6, 7, 14, 16).

Appeal from Oakland; Holland (H. Russel), J. Submitted June 6, 1940. (Docket No. 44, Calendar No. 41,163.) Decided October 7, 1940. Rehearing denied November 13, 1940.

Bill by Board of Education of the School District of the City of Pontiac against City of Pontiac and its treasurer for an accounting of interest, fees, and penalties received in collection of taxes. Decree for plaintiff. Plaintiff appeals and defendants cross-appeal. Affirmed.

*Earl I. Phillips,* for plaintiff.

*William E. Ewart,* for defendants.

McALLISTER, J. · This is a suit in equity brought by the school district of the city of Pontiac against the city of Pontiac to recover moneys claimed to be due it from the collection of taxes by the city. The school district is a municipal corporation, established and operating under Act No. 319, Pub. Acts 1927, as amended (2 Comp. Laws 1929, § 7094 *et seq.* [Stat. Ann. § 15.1 *et seq.*]) ; and the city is a municipal corporation established and operating under the home rule act (1 Comp. Laws 1929, § 2228 *et seq.* [Stat. Ann. § 5.2071 *et seq.*]) and the provisions of its charter.

Taxes are raised for the school district in the following manner: The school district furnishes the city clerk with a statement of all taxes to be raised for school purposes. The city clerk delivers a copy of the statement to the city assessor, who assesses the school taxes along with the city taxes.

In accordance with Act No. 337, Pub. Acts 1919 (see 2 Comp. Laws 1929, § 7478 [Stat. Ann. § 15.501]), the school district voted to have the school taxes col-

lected by the city in instalments in the same manner as the city taxes. Under the charter of the city of Pontiac, chap. 11, § 6, the city taxes are due on July 1st, but may be paid without additional charge until August 1st. Subsequent thereto, a charge of one per cent. per month is added to all delinquent taxes until they are returned, together with accrued penalties, to the county treasurer, on March 1st of the following year. The county treasurer then adds three-fourths of one per cent. per month after March 1st, and a collection fee of four per cent., under the provisions of 1 Comp. Laws 1929, § 3483, as amended by Act No. 87, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 3483, Stat. Ann. § 7.144), which provides as follows:

"To all taxes unpaid on the first day of March next after their assessment there shall be added interest at the rate of three-fourths of one per cent. per month or fraction thereof, and to all taxes returned to the county treasurer there shall also be added a collection fee of four per cent. Such interest and collection fee shall be collected with such taxes, and the interest and taxes to be paid to the State, county and township, in proportion to their several rights therein.

"The collection fee paid to the county treasurer shall belong to the general fund of the county, and that paid to the auditor general shall belong to the general fund of the State. No other charges shall be added to any taxes voluntarily paid either to the township treasurer, county treasurer or the State treasurer, except the expense after it accrues under section 59 of this act. The various county and township treasurers shall allocate and distribute such moneys proportionately among the several county or township funds."

Under 1 Comp. Laws 1929, § 3480, as amended by Act No. 134, Pub. Acts 1933 (Comp. Laws Supp.

1935, § 3480, Stat. Ann. § 7.141), the county treasurer is required to render detailed monthly statements to the townships or cities, and pay over all moneys owing as shown by the statements. Within 10 days after receiving a statement from the county treasurer, the city clerk must deliver to the school district a detailed statement showing the amount of money due it, together with interest thereon, as provided by 1 Comp. Laws 1929, § 3481, as amended by Act No. 87, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 3481, Stat. Ann. § 7.142). The city treasurer is then obliged to pay the school district all moneys shown by such statement to be due it, upon warrants drawn by the proper district officers. It appears that this provision of the statute was not strictly complied with, because the city clerk did not render detailed statements regularly, and the city treasurer, from time to time, merely mailed checks with attached voucher statements to the school district. Except for a mistake in one instance, the city has never paid the school district interest or collection fees since January, 1931, but has turned over only the original amount of the taxes assessed, and no settlements have been made between the city and the school district. The school district, therefore, brought this suit, claiming the interest of three-fourths of one per cent. per month, assessed under the provisions of 1 Comp. Laws 1929, § 3483, as amended by Act No. 87, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 3483, Stat. Ann. § 7.144), and the one per cent. per month charge levied under section 6 of the city charter.

The circuit court awarded the school district the interest of three-fourths of one per cent., holding that the school district was entitled thereto under the provisions of 1 Comp. Laws 1929, § 3481, as amended, which provides:

"The township or city clerk shall within 10 days after receiving the notice from the county treasurer of the amount of delinquent taxes and a description of the land upon which said taxes were paid, make out and deliver to the moderator or secretary of the district board or board of education of each school district situated in whole or in part within such township or city to which money may be due from delinquent school taxes as shown by the statement of the county treasurer, a detailed statement showing the amount of such delinquent school tax *together with the interest thereon* and deliver a copy of such statement to the township or city treasurer. The township or city treasurer shall pay all moneys shown by such statement to be due such school district to the proper receiving officer of such district upon warrants drawn by the proper district officers."

But with regard to the amount accrued from the one per cent. charge added by the city under its charter, the court held that this was a fee which the city earned as a collecting agent, and to which it was entitled under chapter 11, § 16, of its charter, which provides:

"The fees and penalties for the collection of all taxes provided for by this charter or the general laws of the State shall belong to the city and shall be paid by said treasurer into the city treasury."

The school district has appealed from the trial court's determination with regard to the one per cent. interest fund; and the city has filed a cross-appeal, contending that it is entitled not only to the fund growing out of the one per cent. interest charge but also to the fund made up of the interest charge of three-fourths of one per cent.

Section 89 of the general property tax law (1 Comp. Laws 1929, § 3483, as amended), providing for the additional charge to be made upon unpaid

taxes, explicitly refers to such charge as an interest charge and definitely recognizes the distinction between such interest charge and a collection fee, which is also therein referred to. Section 87-a of the same act (1 Comp. Laws 1929, § 3481, as amended) provides specifically that the interest charge therein provided on delinquent school taxes shall be paid to the school district. It is contended by the city of Pontiac that it is entitled to this interest charge under the provisions of section 16 of its charter which provides that "the fees and penalties for the collection of all taxes provided for by this charter or by general laws of the State shall belong to the city." In answer to this contention, however, it may be said that the statute clearly directs that the interest on such delinquent funds be paid to the school district and that the charter provision, in any event, only refers to fees and penalties and makes no provision relative to any right of the city to interest charges. Under the provisions of 1 Comp. Laws 1929, §§ 3481, 3483, the school district is entitled to the interest charge of three-fourths of one per cent. per month on delinquent school taxes.

It is contended by the city that it is entitled to the one per cent. charge on unpaid school taxes by virtue of section 16 of chapter 11 of the city charter which provides that the fees and penalties for the collection of all taxes provided for by the charter or the general laws of the State shall belong to the city; that the validity of such charter provision is confirmed by 2 Comp. Laws 1929, § 7480 (Stat. Ann. § 15.503), which provides:

"Except as provided otherwise in this act, the provisions of the general school laws of this State and any law in force in such district relative to *voting, assessing and collecting* school taxes, shall continue and be in full force and effect."

Further pertinent provisions of the city charter with reference to the collection of delinquent taxes and the payment of them to the parties thereto entitled are the following [chap. 11]:

"SEC. 6. The taxes assessed on the general city tax roll for each fiscal year shall be due and payable on the first day of July of each year, and may be paid at any time during the whole of said month without any collection fee, or additional charge. An additional charge of one per cent. shall be added to all unpaid general city taxes on the first day of August, and an additional charge of one per cent. shall be made and added to all such delinquent unpaid taxes on the first day of each month during which said taxes shall remain unpaid, until return thereof, together with such accrued penalties or charges, shall be made to the county treasurer.

"SEC. 7. The city treasurer shall give notice by publishing in a daily newspaper published and circulating in said city, for the six secular days next preceding July 1, which notice shall be sufficient demand for the payment of all taxes on said rolls, and that the payment therein specified may be made to him at any time up to and including the 31st day of July without any collection fee therefor; provided that an addition of one per centum shall be made thereto on the first day of August, and an additional charge of one per centum shall be made on the first day of each month that the tax remains unpaid until return to the county treasurer by the city treasurer. * * *

"SEC. 14. The treasurer shall, within ten days after the expiration of the time limited in his warrant, or in case of extension of time for collecting such taxes, within ten days after such time has expired, pay over to the treasurer of the board of education the amount which by law is payable to him, on the first day of March, or within ten days thereafter, shall pay to the county treasurer the balance which by law is payable to him, and shall make his

returns according to the general laws of the State relating to township treasurers, except as herein otherwise provided, and such general laws shall govern in all things not herein otherwise provided for.''

In addition, it is claimed that part 2, chap. 9, § 7, of the school code, being 2 Comp. Laws 1929, § 7463 (Stat. Ann. § 15.487), refers to the compensation to be paid to the city for the collection of school taxes. The section in question provides as follows:

''It shall be the duty of the supervisor of the township and the assessing officers of each city to assess the taxes voted by every school district in his township or city, and also all other taxes provided for in this act, chargeable against the district of the township or city upon its taxable property respectively, and to place the same on the assessment roll in a separate column for school taxes apart and distinct from all other taxes, and the same shall be collected and returned by the treasurer in the same manner and for the same compensation as township or city taxes. If any tax provided for by law for school purposes shall fail to be assessed at the proper time, the same shall be assessed in the succeeding year.''

With regard to the foregoing section, it is sufficient to say that it merely provides that the school taxes be collected and returned by the treasurer without additional compensation to him for the service thus rendered and does not intimate that the city be allowed compensation in the way of a collection fee for the collection of school taxes.

The issue, therefore, with reference to the one per cent. charge resolves itself into a determination of whether such charge is interest on delinquent taxes or a collection fee. If it be an interest charge, the school district is entitled to it in accordance with the

generally understood and applied principles that interest is merely an incident of the principal and must be accounted for. 56 C. J. p. 729. If it be a collection fee, the collection agency is entitled thereto. It is apparent from a reference to chapter 11, § 7, of the city charter that the additional charge of one per cent. is considered a collection fee. The charter provides that payment of the taxes may be made up to and including the 31st day of July without any collection fee therefor, but that an addition of one per cent. per month shall thereafter be made for each month that the tax remains unpaid. There would seem to be no question, therefore, that the charge of one per cent., added by virtue of the charter, is a collection fee for delinquent school taxes in addition to the interest charge to which the school district is entitled by virtue of the provisions of 1 Comp. Laws 1929, § 3483, as amended. Is there statutory authority for the allowance of this collection fee to the city of Pontiac? We are of the opinion that 2 Comp. Laws 1929, § 7480, authorizes the allowance of the collection fee to the city when it specifies that the provisions of the general school laws and *any law in force in such district* relative to voting, assessing and collecting school taxes shall continue in full force and effect except as otherwise provided in the act. The law in force in the school district relative to the voting, assessing and collecting of school taxes covering the period in question was the charter of the city of Pontiac. When the electors of the school district voted to have the school taxes collected by the city, they are presumed to have done so with the knowledge that the city, under chapter 11, § 16, of its charter, was entitled to the collection fees provided for by chapter 11, §§ 6, 7, of the charter. We are in accord with the holding of the trial judge that the provisions of the city charter

must prevail except where contrary to State law; and there is nothing in the statutes of the State of Michigan repugnant to the charter provisions of the city of Pontiac authorizing the city to retain the collection fees which are imposed by virtue of its own charter provisions. In the decree of the circuit court requiring the city of Pontiac to pay over to the school board the fund representing the three-fourths of one per cent. interest charge, the court allowed the city to set off the sums of $9,679.93 and $1,642.79. These sums represent a payment of the one per cent. collection fee and certain overpayments which were mistakenly made by the city to the school board. Under the evidence in the case, there is no question that such payments were erroneously made and the court properly allowed them to be set off against the fund to which the school board was entitled.

Upon a review of the record, the decree of the trial court is affirmed, no costs being allowed because the case concerns a matter of public importance.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.