AMLUXEN *v.* EUGENE J. STEPHENSON, INC.

1. INTEREST—LIQUIDATED DEMANDS—UNLIQUIDATED DEMANDS.
   Generally, in the absence of agreement to the contrary, liquidated demands bear interest, whereas unliquidated ones do not.

2. SAME—LIQUIDATED DEMANDS—DEFAULT—DAMAGES.
   A person to whom a liquidated demand is owed and not paid when due would be allowed interest in the nature of damages for the improper detention of the sum so promised from the date of default.

3. SAME—STATUTES.
   Interest is purely statutory.

4. SAME—IMPLIED CONTRACTS.
   No implied contract can grow up under which interest can be recovered.

5. SAME—CONTRACTS—DAMAGES.
   Interest is allowed where money is withheld, either upon the ground of a promise, express or implied, to pay interest or as damages for default in retaining money due and owing another.

6. SAME—IMPLIED PROMISE.
   No promise to pay interest can be implied or be awarded as damages, in the absence of an express promise, until the principal becomes due.

7. CORPORATIONS—PLEDGE OF STOCK FOR LOAN—INTEREST.
   Owner of corporate stock not available on the market and which he had pledged with employer for repayment of a loan at any time within a stated time *held*, entitled to stock certificate without payment of interest, where no provision had been made for payment of interest in either the original agreement or either of its 2 successor agreements and money was deposited with clerk of court for payment to pledgee.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur, Damages § 161.
[3–5, 7] 15 Am Jur, Damages §§ 163–166.
[6] 30 Am Jur, Interest § 46.

Appeal from Wayne; Murphy (George B.), J. Submitted June 8, 1954. (Docket No. 1, Calendar No. 46,089.) Decided September 8, 1954.

Bill by Clinton R. Amluxen against Eugene J. Stephenson, Inc., a Michigan corporation, to compel reassignment of stock held as security for loan. Decree for plaintiff. Defendant appeals. Affirmed.

*Donald W. Grant,* for plaintiff.

*Wilfrid L. Burke,* for defendant.

KELLY, J. Plaintiff and appellee borrowed $2,000 from his employer, appellant corporation, on August 13, 1947, orally agreeing to repay by August 13, 1949. Appellee left the employ of appellant in August, 1948. $100 was paid on the loan and a written memorandum dated October 1, 1948, was signed by appellant and appellee acknowledging appellee's assignment of a stock certificate as security for the loan, with the understanding that it would be reassigned by appellant when the loan was paid, said payment to be made at any time within 4 years.

This agreement was followed by a similar agreement dated November 10, 1948, acknowledging that the stock was assigned to appellant as "security for the payment of a debt of $1,900," and extending time for payment to November 10, 1952.

On October 20, 1952, appellee tendered to appellant his certified check in the amount of $1,900, and demanded the return of the stock certificate. Appellant refused to surrender the stock certificate unless appellee executed and delivered to appellant a document prepared by appellant and designated a "compromise settlement release." Appellee refused to execute the release and started this action. The stock involved is not available on the market.

The sole question involved is whether appellant is entitled to interest at the rate of 5% on the $1,900 loan. Appellant contends it is entitled to interest from October 1, 1948, to the date of the entry of a final decree.

Plaintiff was never in default on any of the 3 agreements, namely: the oral agreement of August 13, 1947, or the written agreements of October 1, 1948, and November 10, 1948. Interest was not referred to nor included in any of these agreements.

Appellant contends that the amount due on the loan became a liquidated amount on October 1, 1948, when the first written agreement was entered into, and that, therefore, interest is due from that date.

The general rule in this State is that in the absence of agreement to the contrary liquidated demands bear interest, whereas unliquidated ones do not. The oral agreement of August 13, 1947, constituted an agreement to repay a definite amount and yet appellant does not contend that it has a right to interest from that date.

If appellee had failed to pay the money promised, then by law appellant would be allowed interest in the nature of damages for the improper detention of the sum so promised from the date of default. There was no default in this transaction.

This Court in *Mitchell* v. *Reolds Farms Co.,* 268 Mich 301, said (p 311):

"The question of interest is purely statutory. *Kermott* v. *Ayer,* 11 Mich 181; *Tousey* v. *Moore,* 79 Mich 564. Though interest is generally a matter of contract, the written contracts here involved do not provide for interest. 'It is a question of damages not of positive agreement.' *O'Connor* v. *Beckwith,* 41 Mich 657. 'No implied contract can grow up under which interest can be recovered.' *Regents of the University of Michigan* v. *Rose,* 45 Mich 284, 300. 'After default interest is strictly allowable only as

damages.' *Mason* v. *Callender,* 2 Minn 350 (72 Am Dec 102). *Hubbard* v. *Callahan,* 42 Conn 524 (19 Am Rep 564), for lost use. *Boyce* v. *Boyce,* 124 Mich 696. 'Failure to pay money promised when by law it ought to be paid, authorizes the allowance of interest in the nature of damages for the improper detention of the sum so promised.' *McCreery* v. *Green,* 38 Mich 172, 185. 'Interest is allowed where money is withheld, either upon the ground of a promise, express or implied, to pay interest or as damages for default in retaining money due and owing another. But upon whatever ground it may be placed, in the absence of an express promise, until the principal becomes due, no promise to pay interest can be implied, or be awarded as damages.' *Lake Shore & Michigan Southern R. Co.* v. *People,* 46 Mich 193, 211."

The fact that interest was not contemplated by the parties to the loan is evidenced not only by the loan, but also by the fact that appellant refused appellee's certified check not because the amount thereof did not include interest but because appellee refused to sign appellant's "compromise settlement release." There was no demand for interest until after appellee instituted suit for the return of his pledged stock certificate.

The trial court's decree that appellant surrender and deliver the stock certificate to appellee and that the $1,900 deposited with the clerk of the court be paid to appellant is affirmed. Costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.