GRAND RAPIDS PUBLIC SCHOOLS v CITY OF GRAND RAPIDS

Docket No. 78792. Submitted April 3, 1985, at Grand Rapids.—Decided November 4, 1985.

Plaintiff, Grand Rapids Public Schools, brought an action in the Kent Circuit Court against the City of Grand Rapids and its treasurer to recover the interest earned by the city on school tax receipts for the years 1982 and 1983 from the time the taxes were collected by the city until the time the money was remitted to the plaintiff. The court, George V. Boucher, J., granted summary judgment for plaintiff. Defendants appealed. *Held:*

Interest income on school tax collections belongs to the school district and not to the county or municipality which collects the funds.

Affirmed.

1. INTEREST — PUBLIC FUNDS.

Interest on public funds designated for a specific purpose follows those funds, absent a clear statutory provision to the contrary; in general, interest is merely an incident of the principal fund, making it the property of the party owning the principal.

2. INTEREST — SCHOOLS — TAXATION — MUNICIPAL CORPORATIONS.

Interest income on school tax collections belongs to the school district and not to the county or municipality which collects the funds.

3. STATUTES — JUDICIAL CONSTRUCTION — COMMON LAW.

Statutes should not be extended by implication to abrogate established principles of common law.

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Public Funds § 12.
See the annotations in the ALR3d/4th Quick Index under Interest on Money.
[2] Am Jur 2d, Schools §§ 78 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Interest on Money; Schools.
[3] Am Jur 2d, Statutes § 185.

*Anderson & Swets* (by *Roger D. Anderson*), for plaintiff.

*Philip A. Balkema,* for defendant.

Before: MacKenzie, P.J., and Cynar and Wahls, JJ.

MacKenzie, P.J. Defendants appeal as of right from a circuit court order granting summary judgment to plaintiff and ruling that interest on school taxes collected by the city belongs to the school district. We affirm.

Pursuant to MCL 211.42, 211.43; MSA 7.83, 7.84 and the Grand Rapids city charter, defendant city treasurer collects all ad valorem property taxes levied within the city limits for local taxing authorities, including plaintiff. The treasurer then remits the collections to the school district as required by MCL 211.43.

Before 1982, the city treasurer remitted the tax collections daily through bank "wire transfers". The school district could then invest the funds immediately. In July, 1982, defendant city treasurer eliminated the wire transfers and began making daily transfers of tax collections by check. This resulted in a delay of at least one day before the school district received the funds and allowed the city to earn $40,949.90 on short-term investments in 1982.

In July, 1983, defendants commenced remitting plaintiff's tax collections by check once a week. Defendant city treasurer testified that one reason for the change was to allow the city to recover its costs for tax collections. The new procedure netted the city $71,597.43 in interest in 1983.

Plaintiff brought this action on August 16, 1983, seeking a declaratory judgment that defendants

were required to remit tax collections daily by wire transfer, that interest earned on such collections belonged to plaintiff, and that defendant treasurer had a duty to advantageously invest amounts collected while they remained in defendants' hands. Plaintiff also sought an accounting and a money judgment for the withheld interest. In their answer and affirmative defenses defendants asserted that the law permitted the change to weekly check transfers, and that other cities followed this or a similar procedure.

Following discovery, plaintiff filed a motion for summary judgement pursuant to GCR 1963, 117.2(3) on the interest issue alone. Plaintiff claimed that there was no genuine issue of material fact and that plaintiff was entitled to judgment as a matter of law on this issue.

After a hearing, the circuit court granted plaintiff's motion, finding that "the interest earned from investment of the Plaintiff's money belongs to the Plaintiff". The court entered judgment on May 25, 1984, declaring that defendants must account for and remit to plaintiff all interest earned on school tax collections for 1982 and 1983. The court awarded plaintiff damages of $112,547.33.

On appeal defendants argue that the circuit court erred in granting summary judgment. Defendants cite §§ 42 and 43 of the general property tax law, MCL 211.42, 211.43; MSA 7.83, 7.84. MCL 211.42 provides in part as follows:

"The supervisor shall prepare a tax roll, with the taxes levied as provided in this act, and annex to the roll a warrant signed by him or her, commanding the township or city treasurer to collect the several sums mentioned * * * and to pay over * * * to the treasurer of each school district the amounts which are collected

for that school district as provided in section 43, and notify the secretary or director of each school district of the amount paid to the school district treasurer, * * * and account in full for all money received on or before March 1 next following."

MCL 211.43, as amended by 1979 PA 211, sets forth a schedule for delivering tax collections which reads in pertinent part as follows:

"(3) Except as provided in subsections (4) and (5), tax collections shall be delivered pursuant to the following scheduled:
"(a) Within 10 business days after the first and fifteenth day of each month, the township or city treasurer shall account for and deliver * * * to the school district treasurers the total amount of school tax collections on hand on the first and fifteenth day of each month. This subdivision shall not apply to the month of March.
"(b) Within 10 business days after the last day of February, the township or city treasurer shall account for and deliver * * * to the school district treasurers at least 90% of the total amount of school tax collections on hand on the last day of February.
"(c) A final adjustment and delivery of the total amount of tax collections on hand for the * * * school districts shall be made not later than April 1 of each year."

The issue before us is whether, pursuant to the above-quoted statutory provisions, defendants are entitled to retain interest earned on taxes collected for the school district prior to the delivery of such collections to the school district. We agree with the trial court that the statutes do not address the precise issue presented and that common-law principles support plaintiff's position.

Defendants maintain that MCL 211.43 evinces a legislative intent that the city treasurer be requir-

ed to deliver only those funds representing school taxes collected. In support of their contention, defendants cite a legislative analysis of HB 4572, the source of 1979 PA 211, and argue that 1979 PA 211 represented a compromise which allowed cities to earn some interest on school taxes collected.

We do not believe that the Legislature's intent can be inferred from its silence on the interest issue. Accordingly, we decline to construe the Legislature's silence as an implicit authorization for defendants' retention of interest earned on taxes collected on behalf of plaintiff school district. Nor do we think that the legislative analysis of HB 4572 is competent to show legislative intent in the present case. The analysis is far too vague and cursory to be considered evidence of the Legislature's intent to authorize city treasurers to retain interest on school taxes collected. Moreover, the legislative analysis was dated April, 1980, while the amendment in question was passed in 1979. This discrepancy in dates was not satisfactorily explained in the trial court.

Since the statute and legislative history are silent, we must turn to established common-law principles to resolve the issue before us. In absence of a clear statutory provision to the contrary, the general principle is that interest on public funds designated for a specific purpose follows those funds. Anno: *Rights and liabilities of municipality as to interest earned on improvement assessments or other special funds collected or held by it,* 143 ALR 1341, 1342; *State Highway Comm v Spainhower,* 504 SW2d 121 (Mo, 1973); *Bd of Law Library Trustees of Los Angeles County v Lowery,* 67 Cal App 2d 480; 154 P2d 719 (1945). In general, interest is merely an incident of the principal fund, making it the property of the party owning

the principal fund. *Pontiac School Dist v City of Pontiac,* 294 Mich 708, 715-716; 294 NW 141 (1940); *University of South Carolina v Elliott,* 248 SC 218; 149 SE2d 433 (1966). Earnings of a trust fund belong to the beneficiary and not the municipal official who acts as trustee or custodian. *Brown v Vidro,* 260 Mich 54; 244 NW 227 (1932); *Bd of Supervisors of Kent County v Verkerke,* 128 Mich 202; 87 NW 217 (1901).

In accord with these rules, other courts which have considered the issue have held that interest income on school tax collections belongs to the school district, and not to the county or municipal official who collected the funds. *Pomona City School Dist v Payne,* 9 Cal App 2d 510; 50 P2d 822 (1935); *State ex rel Fort Zumwalt School Dist v Dickherber,* 576 SW2d 532 (Mo, 1979). Similarly, in the case of interest on delinquent school taxes, the rule is that interest follows principal and belongs to the taxing body. 16 McQuillin, Municipal Corporations, § 44.188, p 617; *New Orleans v Fisher,* 180 US 185, 197; 21 S Ct 347; 45 L Ed 485 (1901); *Pontiac School Dist, supra.*

This Court has noted that a city or county treasurer is a fiduciary in the management and application of public funds. *Romulus City Treasurer v Wayne County Drain Comm'r,* 86 Mich App 663, 667; 273 NW2d 514 (1978), *aff'd* 413 Mich 728; 322 NW2d 152 (1982). See 62 CJS, Municipal Corporations, § 697, pp 1392-1395. The Court recognized the fiduciary and trust responsibilities of the city treasurer when dealing with school taxes in *Lansing School Dist v City of Lansing,* 264 Mich 272, 275; 249 NW 848 (1933), by calling the treasurer "virtually a stranger to the city" in the collection of school taxes. Similarly, in *New Orleans v Fisher, supra,* the Court stated that in collecting school funds, the city and its treasurer

were acting as trustees for the school board. 180 US 197.

Based upon the above authority, we find that the trial court correctly ruled in plaintiff's favor. Indeed, to accept defendants' arguments would be to ignore the rule that statutes should not be extended by implication to abrogate established principles of common law. *Silver v International Paper Co,* 35 Mich App 469, 472; 192 NW2d 535 (1971), *lv den* 386 Mich 764 (1971). Although defendants wish to recoup some of their expenses in collecting plaintiff's taxes, the Legislature did not expressly permit a collection fee. See OAG 1981-1982, No. 6007, p 450 (November 18, 1981). In light of this legislative silence, we hold that defendants are not entitled to retain interest earned on school tax collections while in the possession of the city or its treasurer.

The trial court's judgment is affirmed. No costs, a public question being involved.