TITLER v TITLER

1. PARENT AND CHILD—HUSBAND AND WIFE—MOTHER AND MINOR
   CHILD SUPPORT ACT—SUPPORT ORDER—DIVORCE—STATUTES.

   A support order for a plaintiff wife and her two children, pursu-
   ant to the mother and minor child support act, may not be
   denied on the grounds that any support order would be predes-
   tined to conflict with a support order subsequently entered in a
   divorce action where the defendant husband initiated a divorce
   action after the support action was filed; however, any order
   entered pursuant to the act is null and void upon the effective
   date of a judgment of divorce or separate maintenance (MCLA
   552.455; MSA 25.222[5]).

2. PARENT AND CHILD—HUSBAND AND WIFE—MOTHER AND MINOR
   CHILD SUPPORT ACT—DIVORCE—SEPARATE MAINTENANCE—STAT-
   UTES.

   No complaint shall be filed nor shall any summons issue for an
   action under the mother and minor child support act where
   divorce or separate maintenance proceedings are *then pending*
   between the petitioner and her husband (MCLA 552.451; MSA
   25.222[1]).

Appeal from Jackson, Charles J. Falahee, J.
Submitted December 8, 1975, at Lansing. (Docket
No. 24037.) Decided January 12, 1976.

Complaint by Diane K. Titler against Richard L.
Titler for support payments for herself and two
minor children. Judgment for defendant. Plaintiff
appeals. Reversed and remanded.

*Bruce A. Barton,* Jackson County Prosecuting

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Husband and Wife § 329 *et seq.*
   59 Am Jur 2d, Parent and Child § 53.
[2] 24 Am Jur 2d, Divorce and Separation §§ 827–875.

Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for plaintiff.

*Rappleye, Bannasch & Wilkins* (by *John P. Kobrin, Jr.),* for defendant.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. The plaintiff, Diane Kaye Titler, appeals of right from an order entered on April 30, 1975, by the Jackson County Circuit Court. The order denied the plaintiff's complaint for support payments for herself and her minor children under the mother and minor child support act, 1966 PA 138, MCLA 552.451 *et seq.;* MSA 25.222(1) *et seq.*

The parties were married on February 26, 1972. They have two sons, ages 1 and 3. Since January 9, 1975, the plaintiff and the defendant have maintained separate residences. Since that date, the Jackson County Bureau of Social Aid has been making payments to the plaintiff for the care and support of her children under the ADC program. The defendant has not provided any support payments for the children since he and the plaintiff stopped living together.

On March 20, 1975, the plaintiff filed a complaint in Jackson County Circuit Court requesting that the defendant be ordered to make payments for the support of her and their two children under the provisions of the support act. The plaintiff has been represented at all stages of these proceedings by the Jackson County prosecutor as provided by MCLA 552.454; MSA 25.222(4).

The defendant was served with a summons in this support action on April 1, 1975. A hearing was noticed for April 18, 1975. In the afternoon of

April 1, 1975, the defendant initiated a divorce action, also in Jackson County Circuit Court.

At the support hearing on April 18, the defendant's attorney argued that entry of a support order would be inappropriate since it would be predestined to conflict with whatever interim support order was subsequently entered in the divorce action. The trial judge agreed with this reasoning and refused to make any support order. He did, however, indicate that, if the divorce action were assigned to him, he would make the interim support order retroactive to April 18, the date of the hearing in the present action. He also indicated that, if the divorce action were assigned to another judge in that circuit, the prosecutor should exercise his statutory power to intervene, MCLA 552.45; MSA 25.121, in order to argue for a similar retroactive application. He indicated that the prosecutor was authorized to tell whichever judge heard the divorce action that he (the trial judge) favored a retroactive order.

On appeal, plaintiff argues that the clear wording of the support act requires us to vacate the trial court's decision. We agree. We find that §§ 1 and 5 of the statute provide for a court to render a support judgment in the instant case.

Section 1, in its last sentence, provides:

"No complaint shall be filed nor shall any summons issue if divorce or separate maintenance proceedings are *then pending* between the petitioner and her husband." MCLA 552.451; MSA 25.222(1). (Emphasis supplied.)

In the instant case, the divorce action was initiated after the support action. Thus, no divorce

action was pending when plaintiff brought her claim for support.

Section 5 provides in relevant part:

"If any judgment of divorce or of separate maintenance is entered by any court having personal jurisdiction over the parties any order entered pursuant to the provisions of this act shall become null and void upon the *effective date of the judgment.*" MCLA 552.455; MSA 25.222(5). (Emphasis supplied.)

Thus, where a support action is filed prior to a divorce action, the decree will provide for child and spouse support until such support can be provided by a final judgment in the divorce case. No such final judgment was rendered here.

We appreciate the trial court's concern for avoiding unnecessary duplication of effort. However, if the subsequent filing of a divorce action is allowed to negate an action under the support act, a husband could effectively circumvent the support act by starting a divorce action to vitiate the support action and then by dismissing his divorce action. Each time a support action is filed, he could then counter it with a complaint for divorce. Further, the support act itself avoids duplication of judicial action. If the support action precedes the divorce action, the support order will be valid and will eliminate the need for an interim support order in the divorce action. If the divorce action is initiated first, there can be no complaint under the support act.

Accordingly, we vacate the trial court's dismissal of plaintiff's complaint and remand the action to the trial court for proceedings consistent with this opinion and with the support act. Costs to plaintiff.