CLIFFS FOREST PRODUCTS COMPANY v AL DISDERO LUMBER
COMPANY

Docket Nos. 76627, 76964, 77006. Submitted May 22, 1985, at Marquette.—Decided July 15, 1985. Leave to appeal applied for.

In 1974, Cliffs Forest Products Company contracted to have Wright & Barker, Ltd., design and supervise the construction of a veneer mill in Munising, Michigan. Wright & Barker supplied design specifications to Al Disdero Lumber Company, which was located in Oregon and became the general supplier of components for the mill. Disdero engaged Rosboro Lumber Company, another Oregon business, to make certain of the components. Disdero also engaged Dick W. Ebeling, Inc., an Oregon professional engineering firm, to supply shop drawings of the roof corbels. Those drawings were delivered in January, 1975. The corbels and the rest of the components were made in Oregon and were then assembled in Michigan by O'Dovero Construction Company, the general contractor. The mill was completed in January, 1976. The roof of the mill partially collapsed in January, 1982. Cliffs brought an action for damages in Alger Circuit Court against Disdero, O'Dovero, and Wright & Barker, Ltd., in May, 1983. Disdero, in turn, filed a third-party complaint against Rosboro and Ebeling, seeking indemnification or contribution. Ebeling moved for accelerated judgment on the basis that the six-year period of limitations for

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Constitutional Law § 804 *et seq.*
  See the annotations under Limitation of Actions in the ALR3d and 4th Quick Index.
[2] Am Jur 2d, Constitutional Law § 735 *et seq.*
[3] Am Jur 2d, Appeal and Error § 13.
  See the annotations under Appeal and Error in the ALR3d and 4th Quick Index.
[4] Am Jur 2d, Statutes § 142 *et seq.*
[5] Am Jur 2d, Architects § 1 *et seq.*
  See the annotations under Architects in the ALR3d and 4th Quick Index.
[6] Am Jur 2d, Limitation of Actions § 306.
  See the annotations under Limitation of Actions in the ALR3d and 4th Quick Index.

actions against state licensed professional engineers had run. The trial court, William F. Hood, J., granted Ebeling's motion for accelerated judgment. Disdero, Rosboro and O'Dovero joined in a motion for rehearing on the motion for accelerated judgment, Disdero hoping to continue its third-party claim against Ebeling, Rosboro hoping to preserve its common law indemnification claim, and O'Dovero hoping to be able to file a third-party complaint against Ebeling. The motion for rehearing on the motion for accelerated judgment was denied. Rosboro, O'Dovero and Disdero each appealed. The appeals were consolidated. *Held:*

1. The six-year statutory period for bringing actions against state licensed architects or professional engineers is not violative of the due process and equal protection clauses of the federal and state constitutions.

2. Since the question of whether the statute of limitations in question was violative of the title-object clause of the Michigan Constitution was not raised in the trial court, that question will not be considered on appeal.

3. The term "state licensed architect or professional engineer" as used in the statute of limitation refers to a member of those professions which are licensed by any state rather than only to those architects and engineers licensed in Michigan. Accordingly, the statute is applicable to Ebeling.

4. Ebeling had sufficient contacts with Michigan to justify a Michigan court to exercise jurisdiction over the question of whether there existed valid indemnity claims.

5. By statute, an action brought in a Michigan court by an out-of-state resident on a claim that accrued outside of Michigan is barred where the action would be barred by the running of either a Michigan limitation period or a limitation period of the state in which the action accrued.

Affirmed.

1. CONSTITUTIONAL LAW — DUE PROCESS — LIMITATION OF ACTIONS — ARCHITECTS — ENGINEERS.

The six-year statutory limitation period for bringing actions against state licensed architects and professional engineers is not violative of the due process clause of either the federal or state constitution (US Const, Am XIV; Const 1963, art 1, § 17; MCL 600.5839[1]; MSA 27A.5839[1]).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — LIMITATION OF ACTIONS — ARCHITECTS — ENGINEERS.

The six-year statutory limitation period for bringing actions against state licensed architects and professional engineers is

not violative of the equal protection clause of either the federal or state constitution (US Const, Am XIV; Const 1963, art 1, § 2; MCL 600.5839[1]; MSA 27A.5839[1]).

3. APPEAL — CONSTITUTIONAL LAW — PRESERVING QUESTION.
   Constitutional challenges to a statute may not be raised for the first time on appeal.

4. STATUTES — JUDICIAL CONSTRUCTION.
   Judicial construction of a statute is appropriate where the language is ambiguous; the cardinal rule of statutory construction is to ascertain and effectuate the legislature's intent; to that end, statutory language should be construed reasonably with the purpose of the statute and its objectives kept in mind, a statutory provision should be read in its entirety and in connection with the rest of the statute and, whenever possible, the meaning of one section of a statute should be in harmony with the rest of the statute.

5. WORDS AND PHRASES — STATE LICENSED ARCHITECT OR PROFESSIONAL ENGINEER — LIMITATION OF ACTIONS.
   The term "state licensed architect or professional engineer" as used in the statute setting forth the period of limitation for actions against such persons refers to an architect or professional engineer licensed in any state rather than to only those architects and engineers licensed in Michigan (MCL 600.5839; MSA 27A.5839).

6. LIMITATION OF ACTIONS — ACCRUAL OF CLAIM.
   A suit shall be barred upon expiration of either the applicable Michigan limitations period or the applicable limitations period of the other state, in a situation in which either period bars the claim, where a suit based upon a cause of action accruing in another state is commenced within Michigan by an out-of-state resident.

*Solka & Mercier* (by *Thomas L. Solka*), for Rosboro Lumber Company.

*Weber, Swanson, Vicary & Wietek* (by *Peter H. Shuman*), for O'Dovero Construction Company.

*Peacock, Ingleson, Vinocur & Brewster, P.C.* (by *Mark L. Dobias* and *John W. Leudesdorff*), for Al Disdero Lumber Company.

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas),* for Dick W. Ebeling, Inc.

Before: CYNAR, P.J., and HOOD and R. L. OL-ZARK,* JJ.

CYNAR, P.J. As a result of property damage caused by a roof collapse, Cliffs Forest Products Company filed a complaint against Al Disdero Lumber Company, O'Dovero Construction Company and Wright & Barker, Ltd., on May 13, 1983. Disdero, in turn, filed a third-party complaint against Rosboro Lumber Company and Dick W. Ebeling, Inc., seeking indemnification or contribution. A motion for accelerated judgment on the third-party complaint was filed by Ebeling based on the period of limitations contained in MCL 600.5839; MSA 27A.5839. The motion was granted on January 23, 1984.

On February 9, 1984, Disdero, Rosboro and O'Dovero joined in a motion for rehearing on the accelerated judgment motion. Rosboro sought to preserve its common law indemnification claim. O'Dovero sought leave to file a third-party complaint against Ebeling. Disdero wished a rehearing so its third-party claim against Ebeling could continue.

The trial court denied the motion for rehearing. O'Dovero appeals this order in No. 76964, Disdero appeals the order in No. 77006, and Rosboro appeals the order in No. 76627. All of the appeals are as of right. The appeals were consolidated by order of this Court.

This case had its genesis in 1974. Cliffs contracted with Wright & Barker, Ltd., to design and supervise construction of a veneer mill in Munising, Michigan. Wright & Barker, Ltd., supplied the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

design specifications to Disdero. Disdero, located in Oregon, was the general supplier of building components for the mill.

Disdero engaged Rosboro, another Oregon business, to make the mill's parts. Disdero engaged Ebeling to supply the shop drawings for components known as corbels. Corbels are used with beams and trusses for roof support. Ebeling claims its involvement ended in January, 1975, when the shop drawings for the corbels were delivered.

The corbels and the rest of the components were made in Oregon and then assembled in Michigan by O'Dovero, the general contractor. The mill was completed in January, 1976. On January 5, 1982, the roof partially collapsed.

All of the issues raised by the respective appellants in this case relate to MCL 600.5839; MSA 27A.5839, which sets the period of limitations for actions against state licensed architects and professional engineers performing design or supervision functions on improvements to real estate. We will address each of the respective appellant's claims in turn.

The first three issues were raised by O'Dovero alone. Its first claim is that MCL 600.5839(1); MSA 27A.5839(1)[1] violates the due process clauses of the state and federal constitutions. This claim was previously addressed by the Michigan Supreme

---

[1] "No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than 6 years after the time of occupancy of the completed improvement. This limitation shall not apply to actions against any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought."

Court in *O'Brien v Hazelet & Erdal,* 410 Mich 1; 299 NW2d 336 (1980). In *O'Brien,* a decision dealing with four consolidated cases, state licensed architects and professional engineers used the statute as a bar to claims arising out of allegedly defective or unsafe conditions resulting from improvements to real estate. The Court specifically rejected the claim which is again made in this case. The claim was that the statute violated due process because it deprived the parties of a cause of action unless it accrued within the specified six-year period of limitations. *O'Brien, supra,* p 15. While the Supreme Court noted that a situation like the one facing us here, where the cause of action accrued very shortly after the period of limitations expired, could conceivably deny a plaintiff due process, *O'Brien, supra,* p 15, fn 18, this case is still clearly within the holding of *O'Brien.* We are not empowered to ignore *O'Brien* as precedent. *Marlow v Krapek,* 20 Mich App 489, 491; 174 NW2d 172 (1969). We conclude the statute does not deny due process of law.

O'Dovero's second claim is that MCL 600.5839(1); MSA 27A.5839(1) violates the equal protection clauses of the state and federal constitutions. Again we refer to *O'Brien* in order to resolve this claim. In *O'Brien* the Court specifically held that the statute did not violate the equal protection clause merely because it extends protection to state licensed architects and professional engineers which it does not extend to contractors. *O'Brien, supra,* pp 17-18. Again the *O'Brien* decision is binding and we must follow its holding. The statute does not violate the equal protection clauses of the state and federal constitutions.

O'Dovero's next assertion is a different constitutional type of challenge. O'Dovero asserts that MCL 600.5839; MSA 27A.5839 violates the title-

object clause of Const 1963, art 4, § 24 because the statute's subject matter exceeds the scope of the Revised Judicature Act of which it is part. Const 1963, art 4, § 24, states in the pertinent clause: "No law shall embrace more than one object, which shall be expressed in its title." The title was not amended when MCL 600.5839; MSA 27A.5839 was added to the act by the Legislature in 1967. The title of the Revised Judicature Act, as amended by 1974 PA 52, states:

"AN ACT to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; the forms and attributes of civil claims and actions; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil and criminal actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal all acts and parts of act inconsistent with, or contravening any of the provisions of this act."

However, this claim is not properly subject to review because it was not raised in the trial court. Constitutional challenges may not be raised for the first time on appeal. *Brookdale Cemetery Ass'n v Lewis,* 342 Mich 14, 18; 69 NW2d 176 (1955); *Lumber Village, Inc v Siegler,* 135 Mich App 685, 692; 355 NW2d 654 (1984).[2]

O'Dovero, Disdero and Rosboro collectively ad-

---

[2] Even if the claim were subject to appellate review, it is meritless. Legislative judgment is accorded a presumption of constitutionality. *Shavers v Attorney General,* 402 Mich 554, 613; 267 NW2d 72 (1978). The Legislature may amend any act so long as the subject of the amendment is germane, auxiliary or incidental to the subject of the original legislation. *Loomis v Rogers,* 197 Mich 265, 271; 163 NW 1018 (1917). The choice of the Legislature will not be held invalid simply because there might be a more appropriate location for the new legislation. *People v Milton,* 393 Mich 234, 241; 224 NW2d 266 (1974). The statute in question here is one of limitation as well as repose.

vance the next issue. Their claim is that the statute only applies to architects licensed by the State of Michigan, and that, because Ebeling is licensed in Oregon and 17 other states but not in Michigan, MCL 600.5839; MSA 27A.5839 by its terms does not apply to Ebeling.

The statute states that it applies to "any state licensed architect or professional engineer". The statute is not plain and unambiguous on its face because the plain and ordinary meaning of the term "any state licensed architect or professional engineer" is undefined. Therefore judicial construction of the provision is proper and this Court must look outside of the actual wording of the statute to ascertain the legislative intent. *Stover v Retirement Bd of St Clair Shores Firemen & Police Pension System,* 78 Mich App 409; 260 NW2d 112 (1977), *lv den* 402 Mich 879 (1978).

The cardinal rule of statutory construction is to ascertain and effectuate the Legislature's intent. *Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959). Statutory language should be construed reasonably and the purpose of the statute and its objective should be kept in mind. *Schoolcraft County Bd of Comm'rs v Schoolcraft Memorial Hospital Bd of Trustees,* 68 Mich App 654; 243 NW2d 708 (1976), *lv den* 397 Mich 838 (1976). A provision should be read in its entirety and in connection with the rest of the statute. Whenever possible the meaning of one section of a statute should be read in harmony with the rest of the statute. Statutes are construed so that their words will have a reasonable meaning. *Wyandotte Savings Bank v State Banking Comm'r,* 347 Mich 33; 78 NW2d 612 (1956). When these rules are applied

---

*O'Brien, supra,* p 15, fn 17. It is germane, incidental and auxiliary to the Revised Judicature Act in both of these capacities, therefore the constitutional requirements are met. *Loomis, supra,* p 271.

to MCL 600.5839; MSA 27A.5839 it is clear that it applies to a licensed architect or professional engineer from any state in the union.

A "state licensed architect or professional engineer" is defined in subsection (3) of the statute as any individual or corporation so licensed. This language does not mean, as the respective appellants argue, licensed in Michigan. If that was the Legislature's intent it could have clearly stated in subsection (3) that a Michigan license was necessary in order for the statute to apply. Furthermore, as the circuit court correctly noted, reading MCL 600.5839; MSA 27A.5839 as requiring every professional engineer in the country to obtain a Michigan license on the chance that some of his work might end up in Michigan would be an absurd requirement. Statutes are construed in a manner which will avoid absurd consequences. An architect need not be licensed in Michigan in order for the statute to apply.

The appellants also suggest that MCL 600.5839; MSA 27A.5839 should be construed in light of the licensing provisions for architects and engineers found in MCL 339.2013; MSA 18.425(2013) and MCL 339.2012; MSA 18.425(2012). Appellants suggest that if MCL 600.5839; MSA 27A.5839 is construed together with the above regulatory provisions it is clear that the statute does not apply to architects who are not licensed in Michigan. We find this argument unpersuasive.

A comparison of licensing provisions of one statutory scheme and a procedural provision of the Revised Judicature Act is inappropriate. The objectives of the statutes differ. The licensing provisions are regulatory in nature; the overall objective of the Revised Judicature Act is remedial. Statutory language is given a reasonable construction in light of its purpose and objective, *Schoolcraft*

*County Bd of Comm'rs, supra.* The licensing provisions regulate professions. The Revised Judicature Act deals with the organization and jurisdiction of the courts of this state. MCL 600.101; MSA 27A.101. Because the licensing provisions and the Revised Judicature Act have different purposes and objectives they should not be compared for purposes of statutory interpretation.

We conclude that the proper construction of the statute shows it applies to Ebeling because Ebeling is a state licensed architect within the terms of MCL 600.5839; MSA 27A.5839.

The final issue in this appeal is presented only by Rosboro. Rosboro contends that MCL 600.5839; MSA 27A.5839, as a statute of limitations and repose affecting substantive rights, is inapplicable to the transactions in issue which occurred in Oregon between the Oregon residents, Rosboro, Disdero, and Ebeling. We disagree.

We first note that jurisdiction clearly lies with the Michigan courts in this case. There are sufficient minimal contacts between Ebeling and this forum so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co v Washington,* 326 US 310; 66 S Ct 154; 90 L Ed 2d 95 (1945).

MCL 600.715; MSA 27A.715 dictates the circumstances under which Michigan may constitutionally gain limited personal jurisdiction over a foreign corporation.[3] Jurisdiction was properly exer-

---

[3] MCL 600.715; MSA 27A.715 provides:

"The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

"(1) The transaction of any business within the state.

cised under subsection (2) which states that limited personal jurisdiction can be maintained in Michigan over a foreign corporation if the foreign corporation has done an act or caused an action which precipitated a tort action within Michigan. The allegations against Ebeling, which allege negligence in Ebeling's preparation of the shop drawings of the mill's component parts, fall squarely within subsection (2) because it is alleged that as a result of Ebeling's negligent design a tort occurred in Michigan.

Traditional notions of fair play and substantial justice are not offended by requiring Ebeling to come and defend in Michigan. Ebeling was aware that its designs were being incorporated into a mill to be constructed in Michigan. Furthermore, after being served with the complaint, Ebeling appeared and defended the suit in Alger County Circuit Court. We conclude that the circuit court properly exercised jurisdiction over Ebeling.

Because Rosboro's cause of action accrued here, the procedural rule in MCL 600.5839; MSA 27A.5839 controls. Rosboro's cause of action is primarily one for contribution or indemnification. Such an action is derivative from a finding of primary liability. Without primary liability, there can be no action for contribution or indemnification. An action for indemnification accrues only when the wrongful act of one party results in another being held liable. *Skinner v D-M-E Corp,* 124 Mich App 580, 584-585; 335 NW2d 90 (1980).

"(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

"(3) The ownership, use, or possession of any real or tangible personal property situated within the state.

"(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

"(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant."

Rosboro's right to indemnification or contribution can only arise if it is found primarily liable in the principal case. Such a finding of liability can arise only in Michigan; it is in Michigan and not Oregon that the cause of action accrues. As noted above, MCL 600.5839; MSA 27A.5839 is a statute of limitation and repose affecting only procedural rights, *O'Brien, supra.* It does not impair substantive rights and it therefore applies to the transactions at issue.

In addition, MCL 600.5861; MSA 27A.5861, the "borrowing" statute of limitation, would require us to apply the Michigan period of limitation to Rosboro's cause of action. MCL 600.5861; MSA 27A.5861 has been interpreted to mean that the period of limitations applicable to a claim shall be either the statute of limitations in the state where the claim accrued or the statute of limitations of Michigan, whichever statute of limitations bars the claim. *Smith v Elliard,* 110 Mich App 25, 30; 312 NW2d 161 (1981), *lv den* 413 Mich 944 (1982). Even if we assumed the cause of action accrued outside of Michigan, because Rosboro brought the claim here, MCL 600.5861; MSA 27A.5861 bars the claim. *Smith, supra.*

The order of the circuit court is affirmed.