UNION TOWNSHIP v STATE BOUNDARY COMMISSION

Docket No. 93087. Submitted November 3, 1987, at Lansing. Decided August 2, 1988. Leave to appeal applied for.

After unsuccessfully petitioning Union Township for ten years to provide water services to their property, zoned by the township for single and multiple family residences, Keith R. Feight, Maurice John, Jr., and Enterprise Club petitioned the State Boundary Commission for permission to have the subject property annexed by the City of Mt. Pleasant. Mount Pleasant favored the annexation and was prepared to provide both water and sewerage services, as well as storm water drains, for the property. The commission, after hearing of the township's intent to initiate a long range program to provide water service to the subject property and the fact that the township had issued $3,000,000 in bonds to partially fund a $6,000,000 sewerage project which could be extended to the property at some time in the future, granted the petition for annexation without ordering any apportionment of a portion of the bond indebtedness to the City of Mt. Pleasant. Union Township filed a petition for judicial review in Ingham Circuit Court, which reversed the decision of the commission, ruling that the decision to permit annexation was improper because the commission did not apportion between Mt. Pleasant and Union Township the bond obligation incurred by the township to provide funds for the construction of the sewer system. The court, James R. Giddings, J., held that the home rule cities act required such an apportionment. The State Boundary Commission appealed.

The Court of Appeals *held:*

Apportionment of a debt is mandated by the home rule cities act only where the debt is related to an asset which itself is also the subject of apportionment under the act or at least benefits the property annexed. The section of the act relied

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 126-138.

Proper remedy of procedure for attacking legality of proceeding annexing territory to municipal corporations. 18 ALR2d 1255.

upon by the circuit court does not apply so as to permit the apportionment of a liability not attached to any asset that benefits or is appurtenant to the annexed property. The circuit court erred in finding that the home rule cities act required apportionment.

Reversed.

MUNICIPAL CORPORATIONS — HOME RULE CITIES ACT — ANNEXATION OF PROPERTY — APPORTIONMENT OF ASSETS AND LIABILITY.

Annexation under the home rule cities act of part of a township to a city requires that an equitable division of the assets and liabilities of the property annexed be determined and ordered; any separation of assets from liabilities which allows imposition of costs without benefits is patently unfair and without support; thus, it is impermissible to apportion a liability not attached to any asset that benefits or is appurtenant to the annexed property (MCL 117.9[9], 117.14; MSA 5.2088[9], 5.2093).

*Bauckham, Reed, Lang, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham*), for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Milton I. Firestone* and *Roderick T. MacGillis,* Assistant Attorneys General, for respondent.

Before: CYNAR, P.J., and SAWYER and J. A. GILLIS,* JJ.

PER CURIAM. This is an appeal by the Michigan State Boundary Commission (SBC) from a decision of the Ingham Circuit Court. The circuit court reversed a decision of the SBC that would have allowed the City of Mt. Pleasant to annex approximately 27.9 acres of land now within Union Township and owned by Keith R. Feight, Maurice John, Jr., and Enterprise Club. The circuit court agreed with Union Township that the decision to permit annexation was improper because the SBC did not apportion between Mt. Pleasant and the township

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

a particular bond obligation that the township had incurred to provide funds for the construction of a sewer system within its boundaries. Despite the fact that the sewer system did not extend into the annexed property, the circuit court held that § 9(9) of the home rule cities act, MCL 117.9(9); MSA 5.2088(9), required such an apportionment.

Because we disagree with the circuit court's interpretation of § 9(9), and otherwise find no error requiring reversal of the decision of the SBC, we reverse the decision of the circuit court and reinstate the order of the SBC permitting the annexation.

The petition for annexation was filed with the SBC on August 31, 1982, by Feight, John, and Enterprise Club. The property they sought to have annexed is undeveloped and apparently unsuitable for farming. It is zoned for single and multiple family residences. The property owners testified before the SBC that for ten years they had unsuccessfully petitioned the township to provide water services to their property. The state prohibits private wells in the area and the City of Mt. Pleasant refused to extend service itself outside of its boundaries unless the property was annexed to the city. At the time of the SBC's deliberations in August and October of 1983, the township indicated that it intended to initiate a "long range program" to provide water service. The township had adopted a resolution to authorize the submission of a Michigan small cities grant application and had contacted the federal Farmer's Home Administration about the possibility of a loan.

In addition to water service, the property also required sewerage services. Apparently, just a couple of years prior to the petition for annexation, the township issued $3,000,000 of bonds under the Revenue Bond Act, MCL 141.101 *et seq.*; MSA

5.2731 *et seq.,* to partially fund a $6,000,000 sewer-
age project. The bonds are not secured by the full
faith and credit of the township and are to be paid
solely from revenues generated by the sewerage
system. This sewerage system did not extend to
the subject property, but the township did bore
holes under one highway in anticipation of extend-
ing the system in that direction. The property
owners also testified, and the township agreed,
that the township's system was not installed at a
level deep enough to accommodate their property.
The parties disagreed on the appropriate method
and associated cost to correct the problem.

The City of Mt. Pleasant favored annexation and
is prepared to provide both water and sewerage
services, plus storm water drains, which the town-
ship lacked.

At its first adjudicative meeting on the petition,
held August 9, 1983, the SBC voted against a
motion to approve the petition. It also passed a
motion to adjourn final determination of the peti-
tion for sixty days to allow the township to present
evidence of its progress in developing a water
system. At the subsequent adjudicative hearing
held on October 25, 1983, the SBC granted the
petition. At both hearings, the SBC heard at length
testimony concerning the effect of annexation
upon the ability of the township to retire the bond
indebtedness. The SBC did not order any apportion-
ment of a portion of that indebtedness to the City
of Mt. Pleasant.

The township filed a petition for judicial review
in the Ingham Circuit Court. As indicated above,
the circuit court reversed the decision of the SBC
after determining that § 9(9) of the home rule
cities act, MCL 117.9(9); MSA 5.2088(9), required
that the SBC apportion to the City of Mt. Pleasant

a portion of the township's bond debt attributable to the annexed property.

Section 9(9) of the home rule cities act, MCL 117.9(9); MSA 5.2088(9), provides:

> The provisions of section 14 shall not be applicable to an annexation approved by the commission of part of a township or village to a city except in the event of outstanding bonds or other evidences of indebtedness of the township or village. In such event, the commission shall determine and order an equitable division of assets and liabilities which relate to the bonds or other indebtedness.

Section 14 of the act, MCL 117.14; MSA 5.2093, provides generally for the apportionment or succession of real property owned by one unit of government when it is annexed in whole or in part by another unit. With respect to the annexation of a part of a township or village to a city, § 14 provides:

> Whenever a part of a city, village or township is annexed to a city, the real property in the territory annexed which belongs to the city, village or township from which it is taken shall be sold by the authorities of the city, village or township in which said land was located before such annexation, and that portion of the proceeds of such sale shall be paid to the city acquiring such territory which shall be in the same ratio to the whole amount received as the assessed valuation of the taxable property in the territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township from which said territory is taken. Whenever a part of a city, village or township is annexed to a city, all of the personal property belonging to any such city, village or township from which territory is detached shall be divided between the township, city or village from which said territory is detached and

the city to which the territory is annexed, in the same ratio as the assessed valuation of the taxable property in the territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township from which said territory is taken.

The SBC argued below and again in this appeal that § 9(9) does not apply to the present situation because it specifically is stated to apply only "in the event of outstanding bonds or other evidences of indebtedness of the township." Emphasizing the Legislature's reference to "other evidences of indebtedness," respondents, the State Boundary Commission, the City of Mt. Pleasant, and the individual property owners, urge that the term "bonds," as used in § 9(9), must therefore be interpreted as including only bonds that are considered an indebtedness of the township. Because § 7(3) of the Revenue Bond Act, MCL 141.107(3); MSA 5.2737(3), expressly states that a bond shall not constitute an indebtedness of the borrower "unless its full faith and credit are pledged," respondents contend that these particular bonds are not an indebtedness and § 9(9) does not apply.

The circuit court did not specifically address this argument. It simply stated that § 9(9) was "clear and unambiguous" and requires the apportionment of both bonds—whether indebtedness or not —and other evidences of indebtedness. Our own reading of § 9(9) of the home rule cities act and § 13 of the Revenue Bond Act reveals that the intent of § 9(9) is quite ambiguous and a proper interpretation of this important provision can be made only upon a careful analysis of the purposes of these two sections and the entire scheme of regulation surrounding them. Because we do not believe that the present case presents an appropriate opportunity to consider these issues, we decline

to rule on this particular aspect of § 9(9). We find that, even if § 9(9) could be read to apply in the event of a nondebt revenue bond, an apportionment of a debt is only mandated when the debt is related to an asset which itself is also the subject of apportionment under § 14 or at least benefits the property annexed.

In arriving at this conclusion, we are mindful of our obligation to interpret any particular statutory provision in the context of related statutes, *Cliffs Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 222; 375 NW2d 397 (1985), and to construe the provision reasonably, in keeping with the objective of the statute. The sections under review have not been the subject of prior judicial review.

Under the circuit court's interpretation, the assets and liabilities referred to in § 9(9) are separated and apparently may be considered independently, even to the extent, as here, of allowing the apportionment of a liability when the annexing township and the owners of the annexed property receive no benefit from the asset to which the liability is actually related. Apart from the plain injustice of such an arrangement, it is difficult to see what standard might then reasonably be used to set such an apportionment. In the present case, the township claimed that it issued the bonds in anticipation of revenue from the annexed property. But those revenues were to be in the form of charges for use of the sewers. Those charges in turn would depend upon the total costs of the system, including the debt, plus the number of other users and their level of use. The township presented no projected accounting of such costs and use and it is doubtful that it could present such an analysis with any degree of certainty.

More importantly, an interpretation that sepa-

rates assets from liabilities and allows the imposition of costs without benefits is patently unfair and enjoys no support in the language of § 9(9) or accompanying statutes. Section 14, to which § 9(9) refers, is scrupulous in dividing real and personal property between the annexing city and the township based upon the appraised values of land. It is difficult to imagine that the Legislature would have intended § 9(9) to depart from such a rigorously fair standard and allow an imposition of burdens without any corresponding benefit.

If, as part of an annexation, a city brings within its boundaries property already benefited by a sewer system, wharf, or other public improvement, it makes good sense to apportion the liability for that improvement. It is relatively easy to ascertain the cost attributable to the annexed property and fairness requires that the annexed property pay for the benefit. Neither of these conditions hold when the improvement presents no benefit to the annexed property. We therefore hold that § 9(9) does not apply so as to permit the apportionment of a liability not attached to any asset that benefits or is appurtenant to the annexed property.

Finally, our review of the record and arguments of the parties shows that the township's claims about the adequacy of the evidence are unfounded. Other issues raised by the court's decision and the brief of the township are premised upon the correctness of the circuit court's interpretation of § 9(9). Our decision today obviates their relevance.

Reversed.

J. A. GILLIS, J., did not participate.