## AL DISDERO LUMBER CO.,
*Appellant,*

*v.*

## DICK W. EBELING, INC.,
*Respondent.*

(85-1597C; CA A46412)

770 P2d 945

William G. Earle, Portland, argued the cause for appellant. With him on the briefs were Gary Abbott, and Hallmark, Keating & Abbott, P.C., Portland.

I. Franklin Hunsaker, Portland, argued the cause for

respondent. With him on the brief were Jack Hoffman, Nickolas J. Dibert, Christopher A. Rycewicz, and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff appeals from a judgment dismissing his complaint with prejudice. He argues that the trial court erred in holding that a Michigan judgment dismissing a similar action by him is *res judicata* and barred his claim in Oregon. We reverse.

Plaintiff and defendant are Oregon corporations. Plaintiff contracted to supply building components to a third party for a building in Michigan. Defendant supplied engineering services to plaintiff for the components. The building was completed in January, 1976, and the roof partially collapsed in January, 1982. In May, 1983, and April, 1984, the owner of the building and an injured worker filed lawsuits in Michigan against plaintiff and other third parties. Plaintiff filed a third-party complaint in Michigan against defendant for indemnification or contribution. The Michigan Court of Appeals dismissed plaintiff's claim with prejudice under Michigan's six year statute of limitations and repose, Mich Comp Laws § 600.5839, holding that the

> "right to indemnification or contribution can only arise if it is found primarily liable in the principal case. Such a finding of liability can arise only in Michigan; it is in Michigan and not Oregon that the cause of action accrues. *as noted above, M.C.L. § 600.5839; M.S.A. § 27A.5839 is a statute of limitation and repose affecting only procedure rights, * * *. It does not impair substantive rights and it therefore applies to the transactions at issue." Cliffs Forest Products v. Al Disdero Lumber,* 144 Mich App 215, 226, 375 NW2d 397 (1985), *app den* 424 Mich 895 (1986). (Emphasis supplied.)[1]

In December, 1985, plaintiff brought this claim in Oregon for indemnity and contribution on the same legal grounds and for the same course of conduct involved in the dismissed Michigan claim. In defendant's motion for summary judgment, it argued that the Michigan judgment was *res judicata* in Oregon and barred plaintiff's action. The trial court granted the motion and dismissed plaintiff's case.

---

[1] Cliff Forest Products Co. filed a complaint against Al Disdero Lumber Co., O'Dovero Construction Co. and Wright & Barker, Ltd. Disdero filed a third party complaint against Rosboro Lumber Co. and Dick Ebeling, Inc., seeking indemnification or contribution. A motion for accelerated judgment on the third party complaint was filed by Ebeling based on the period of limitations contained in Mich Comp Laws § 600.5839. The motion was granted.

■ Plaintiff argues that the trial court erred in giving *res judicata* effect to the Michigan judgment of dismissal based on Mich Comp Laws § 600.5839.[2] For a judgment to be *res judicata,* the cases must be based on the same operative facts and there must have been an adjudication on the merits. *Transamerica Ins. Group v. Adams,* 62 Or App 419, 425-26, 661 P2d 937 (1983). Defendant argues that the Michigan judgment adjudicated the merits of plaintiff's claim, because the Michigan statute is a statute of ultimate repose, rather than of limitations, contrary to the language quoted above. A statute of repose provides for an overall maximum on the period within which an action must be brought. It starts to run from delivery of a product or completion of work and cannot be extended, regardless of any unfairness to a plaintiff. In contrast, a statute of limitations does not start to run until a claim is actionable, that is, until there is a legal injury. *Delay v. Marathon LeTourneau Sale,* 291 Or 310, 313-15, 630 P2d 836 (1981); *Dortch v. A.H. Robins Co. Inc.,* 59 Or App 310, 320, 650 P2d 1046 (1982). Defendant may be correct that the Michigan statute is a statute of ultimate repose. However, as noted above, the Michigan Court of Appeals clearly held that its statute is a statute of limitations and only affected defendant's procedural rights. We are bound by the Michigan court's interpretation of its own statute.[3]

■ Therefore, the key question is whether, in Oregon, a foreign judgment based on the running of a statute of limitations is a decision on the merits that will bar a new action on

---

[2] Mich Comp Laws § 600.5839(1) provides, in relevant part:

"No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of such improvement more than six years after the time of occupancy of the completed improvement. This limitation shall not apply to actions against any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought."

[3] Defendant argues that the Michigan statute has been interpreted by the Michigan courts as one affecting the *right* to bring an action, citing *O'Brien v. Hazelet & Erdal,* 410 Mich 1, 299 NW 2d 336 (1980). However, *O'Brien* was cited by the court in *Cliff Forest Products v. Al Disdero Lumber, supra,* to support the opposite proposition that the statute only affects procedural rights and does not impair substantive rights.

the same cause in this state. The Oregon Supreme court has held that Oregon statutes of limitations cannot be pleaded as a defense to an action in another state, assuming that the other state also follows the common law rule, because the Oregon statutes only affect the remedy and do not extinguish the right. *Goodwin v. Morris,* 9 Or 322, 324 (1881); *see Myers v. Cessna Aircraft,* 275 Or 501, 514, 553 P2d 355 (1976) (citing *Restatement (Second) Conflicts of Law* §§ 142, 143 (1971)). However, we have not directly addressed the issue presented here.

Most jurisdictions follow the common law rule that a foreign judgment based on the running of a statute of limitations, does not bar an action in another state. *Bank of United States v. Donnally,* 33 US 361, 372-373, 8 L Ed 974 (1834); *see also Order of United Commercial Traveler v. Wolfe,* 331 US 586, 607, 67 S Ct 1355, 91 L Ed 1687 (1946); 47 Am Jur 2d, "Judgments" § 1231. The Michigan judgment based on the running of its statute does not bar the action in Oregon.[4]

■ The second issue is whether *former* ORS 12.260,[5] the Oregon borrowing statute in effect at the time the case was brought, applies to this case. It has since been repealed and replaced by ORS 12.410 to ORS 12.480. However, even assuming that it does apply, it would not affect this case, because it only applies to nonresident parties. Both parties are Oregon corporations and residents of Oregon.

Reversed and remanded.

---

[4] The basis for our holding makes it unnecessary to decide whether a statute of repose is substantive or procedural, or whether a dismissal based on such a statute has a *res judicata* effect.

[5] *Former* ORS 12.260 provided:

"When the cause of action has arisen in another state, territory or country, between nonresidents of this state, and by the laws of the state, territory or country where the cause of action arose, an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state."