DEPARTMENT OF SOCIAL SERVICES v BREWER

Docket No. 110918. Submitted June 7, 1989, at Lansing. Decided September 5, 1989.

Rodney Brewer left his wife, Leanna Brewer, and two minor children on April 11, 1986. Mrs. Brewer and the children began receiving public assistance from the Department of Social Services, which on August 4, 1986, commenced an action pursuant to the Family Support Act in Van Buren Circuit Court seeking to compel Mr. Brewer to pay support for the children. The court, Meyer Warshawsky, J., ordered defendant to make weekly support payments for the period August 11, 1986, to September 28, 1986, denying plaintiff's request for retroactive support for the four-month period between the parties' separation and the filing of the Family Support Act action. Plaintiff appealed.

The Court of Appeals *held:*

A court may award child support under the Family Support Act retroactive to the date a noncustodial parent ceased to provide reasonable financial assistance to the child.

Reversed and remanded.

PARENT AND CHILD — CHILD SUPPORT — FAMILY SUPPORT ACT.

A court, in an action for child support under the Family Support Act, may order payment of such support retroactive to the date the noncustodial parent ceased to provide reasonable financial assistance to the child (MCL 552.451 *et seq.*; MSA 25.222[1] *et seq.*).

*Abby Rahn,* for plaintiff.

Before: DANHOF, C.J., and HOOD and MARILYN KELLY, JJ.

MARILYN KELLY, J. Plaintiff Department of So-

REFERENCES

Am Jur 2d, Parent and Child §§ 41 *et seq.*

See the Index to Annotations under Custody and Support of Children.

cial Services appeals as of right on behalf of Leanna Brewer from the circuit court's order of support entered pursuant to the Family Support Act. MCL 552.451 *et seq.*; MSA 25.222(1) *et seq.* The issue is whether under the act a court may award child support retroactive to a date before the filing of an action when financial assistance by the noncustodial parent ceased. We conclude that it may and reverse the trial court's order.

Defendant Rodney Brewer left Leanna and their two minor children on April 11, 1986. Leanna and the children began receiving public assistance on July 1, 1986. Leanna assigned her right to collect support from defendant to the DSS.

On August 4, 1986, the DSS filed a claim for child support under the Family Support Act. MCL 552.451b; MSA 25.222(1b). Defendant was personally served with notice of this action on August 21. On September 16, 1986, Leanna filed for divorce.

Under the act, the judge ordered defendant to pay support in the amount of $75 per week from August 11, 1986, through September 28, 1986. He denied Leanna's request for retroactive support for the four-month period between the separation and the filing of the Family Support Act action. The judge concluded that the act did not grant him the authority to order support for the period prior to the filing of the complaint.

The Family Support Act authorizes an action for support under the following circumstances:

Any married parent who has a minor child or children living with him or her and who is living separate and away from his or her spouse who is the noncustodial parent of the child or children, and who is refused financial assistance by the noncustodial parent to provide necessary shelter, food, care, and clothing for the child or children, if the spouse is of sufficient financial ability to pro-

vide such assistance, may complain to the circuit court for the county where either parent resides for an order for support for himself or herself and the minor child or children. The proceedings shall be commenced by the filing of a complaint verified by the petitioner and by issuance of a summons which shall be personally served upon the noncustodial parent of the children and spouse of the petitioner. A complaint shall not be filed nor shall any summons issue if divorce or separate maintenance proceedings are then pending between the petitioner and his or her spouse. [MCL 552.451; MSA 25.222(1).]

The act does not specify when the support may be made to commence.

Judicial construction is appropriate here, as reasonable minds may differ as to the interpretation to be given the statute. *Sam v Balardo,* 411 Mich 405, 418; 308 NW2d 142 (1981). The primary rule of statutory construction is to ascertain and effectuate the intent of the Legislature. Statutory language should be construed reasonably, keeping in mind the purpose and objective of the act. *Cliffs Forest Products Co v Al Disdero Lumber Co,* 144 Mich App 215, 222; 375 NW2d 397 (1985).

The purpose of the Family Support Act is set forth in its preamble:

AN ACT to confer jurisdiction upon the circuit courts to order and enforce the payment of money for the support, in certain cases, of parents having physical custody of minor children and of minor children by noncustodial parents; to provide for the termination of the effectiveness of the orders; and to provide for the payment of fees and assessment of costs in those cases.

The act was intended to avoid duplication of judicial effort where a divorce action is also in-

volved. *Titler v Titler,* 66 Mich App 654, 657; 239 NW2d 699 (1976). If an action is filed first under the act, then the support order eliminates the need for an interim support order in the divorce action. *Id.* A complaint for support under the act cannot be filed if a divorce action has already been initiated. MCL 552.451; MSA 25.222(1).

In this case, the trial judge determined that the support provision of the divorce act would be pertinent to interpretation of the Family Support Act. He noted that a support decree in a divorce action is available only during the pendency of the action. MCL 552.15; MSA 25.95. He believed that the Legislature did not intend to treat parties to an action under one act differently than parties under the other. He also reasoned that compelling support retroactive to the date voluntary payments ceased would amount to an unjust modification of an order not even in existence. We disagree with the judge's reasoning.

An examination of other related statutes, such as the divorce statute, is helpful in determining the scope of the Family Support Act. However, one must keep in mind that the primary purpose of the divorce statute is not to provide support but to dissolve the marital relationship. Had the Legislature intended to limit the retroactivity of support under the Family Support Act, it could have done so with the express language it used in the divorce act. Moreover, limiting retroactive support under the divorce act, because it is available through the Family Support Act, avoids duplication of judicial action.

We believe that the Family Support Act was intended to enable the court to protect and enforce a child's inherent right to financial support from his or her natural parent. *Ebel v Brown,* 70 Mich App 705, 709; 246 NW2d 379 (1976). The obligation

of the parent to provide such support does not cease simply because the parent no longer lives with the child. Therefore, when the parent stops supporting the child, the Family Support Act enables the court to enter a support order. The statutory cause of action based on the child's inherent right accrues from the date voluntary support ceases. Therefore, in enforcing the right, the court may order support from that date.

Limiting the retroactivity of a support order to the date the action is filed wrongly shifts the penalty for inaction to the custodial parent. It permits that parent's possible lack of knowledge of the law and possible limited financial resources to deprive the child of basic needs.

Parents know they have a financial responsibility to their children. When they fail to fulfill that responsibility, it is only reasonable that the court should enforce it from the date the failure began. It does not unduly concern us that, under this interpretation, such a parent will receive notice of a support obligation only after it has taken effect.

In conclusion, we hold the court may award child support under the Family Support Act retroactive to the date the noncustodial parent ceased to provide reasonable assistance to the child.

Accordingly, we reverse and remand for a determination of the amount of child support owing from the date of separation until the filing of the Family Support Act action. We do not retain jurisdiction.