STANDARD FEDERAL SAVINGS BANK v GENESEE COUNTY

Docket No. 159462. Submitted December 20, 1994, at Detroit. Decided February 6, 1995, at 9:45 A.M.

Standard Federal Savings Bank redeemed a parcel of realty that had a state equalized value of over $1,000 and that had been deeded to the state following a tax sale ordered by the Genesee Circuit Court. To redeem the property, Standard Federal paid the delinquent taxes and the additional penalty provided in MCL 211.131e(3); MSA 7.190(3)(3) of fifty percent of the tax upon which foreclosure had been made. Standard Federal thereafter petitioned the Tax Tribunal for a refund by Genesee County of the penalty paid. The Tax Tribunal granted summary disposition for Standard Federal and ordered a refund. Genesee County appealed. The Court of Appeals allowed the Attorney General to intervene.

The Court of Appeals *held:*

1. Section 131e(3) requires payment of the penalty for a redemption following the expiration of the redemption period provided by MCL 211.131c(1); MSA 7.190(1)(1), which allows redemption at any time before the first Tuesday in November following the vesting of title in the state. For property with a state equalized value of $1,000 or more, the redemption period of § 131c is extended by § 131e(1) until owners of a significant property interest in the land have been notified of a hearing before the Department of Treasury. In this case, Standard Federal redeemed the parcel at issue before notification of a hearing before the Department of Treasury. Accordingly, the redemption period of § 131c(1), as extended by § 131e(1), had not expired and no penalty was due pursuant to § 131e(3).

2. Contrary to the Attorney General's assertion, the Tax Tribunal had jurisdiction to decide the penalty issue inasmuch as the penalty necessarily is related to the actual delinquent taxes, interest, and special assessment fees that must be paid in order to redeem the property.

Affirmed.

REFERENCES

Am Jur 2d, State and Local Taxation § 860.
See ALR Index under Fines, Penalties, and Forfeitures.

TAXATION — TAX SALE REDEMPTIONS — PENALTIES.

> An additional penalty of fifty percent of the tax upon which
> foreclosure was made may not be imposed for redemption of
> property that has a state equalized value of $1,000 or more and
> that has been deeded to the state following a tax sale until
> owners of a significant property interest in the land have been
> notified of a hearing before the Department of Treasury (MCL
> 211.131c[1], 211.131e[1],[3]; MSA 7.190[1][1], 7.190[3][1],[3]).

*Mason, Steinhardt, Jacobs & Perlman* (by *Jonathan B. Frank*), for the petitioner.

*Richard M. Barron,* for the respondent.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Thomas J. Emery* and *Roland Hwang,* Assistant Attorneys General, for the Attorney General.

Before: DOCTOROFF, C.J., and T. G. KAVANAGH[*] and R. C. LIVO,[**] JJ.

DOCTOROFF, C.J. In this case of first impression, we decide at what point in time the payment of an additional penalty of fifty percent of the tax upon which foreclosure was made becomes necessary in order to redeem property pursuant to MCL 211.131e(3); MSA 7.190(3)(3). We hold that payment of the penalty under MCL 211.131e(3); MSA 7.190(3)(3) is necessary upon expiration of the redemption period set forth in MCL 211.131c(1); MSA 7.190(1)(1), as extended by MCL 211.131e(1); MSA 7.190(3)(1), and affirm the Tax Tribunal's grant of summary disposition in favor of petitioner Standard Federal Savings Bank.

The facts are undisputed. The property in question went to tax sale in May 1990 pursuant to

_____

[*] Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

[**] Circuit judge, sitting on the Court of Appeals by assignment.

MCL 211.60; MSA 7.104 because of delinquent 1987 taxes. Thereafter, it was deeded to the State of Michigan pursuant to MCL 211.67a; MSA 7.112(1).

Petitioner Standard Federal Savings Bank purchased and redeemed the property on November 27, 1991, pursuant to MCL 211.131e(1); MSA 7.190(3)(1). The state equalized value of the property is greater than $1,000. At the time of the closing, petitioner paid taxes and penalties to respondent Genesee County in the amount of $1,237,789.62. Of this amount, $102,823.20 represented a fifty percent penalty imposed under MCL 211.131e(3); MSA 7.190(3).

Petitioner filed this action seeking a return of the penalty. Petitioner filed a motion for summary disposition, arguing that because it redeemed the property before it received notice of a hearing before the Department of Treasury, it was improper to impose the fifty percent penalty.

Respondent argued that because petitioner redeemed the property after the first Tuesday in November following the vesting of title in the state, the penalty was properly imposed.

The Tax Tribunal ruled in favor of petitioner and ordered reimbursement of the fifty percent penalty.

MCL 211.131e(3); MSA 7.190(3)(3) imposes a penalty on the redemption of property as follows:

> *Following expiration of the redemption periods provided by section 131c,* property may be redeemed up to 30 days following the date of hearing provided by this section by the payment of the amounts provided for in subsection (4) and in section 131c(1), plus an additional penalty of 50% of the tax upon which foreclosure was made. . . . [Emphasis added.]

The redemption period provided by MCL 211.131c(1); MSA 7.190(1)(1) is as follows:

> Parcels at any time *before the first Tuesday in November following the vesting of title in the state* may be redeemed by the payment to the county treasurer of all amounts due on the lands as delinquent taxes and special assessments that had been assessed . . . . [Emphasis added.]

This redemption period is extended by MCL 211.131e(1); MSA 7.190(3)(1) with regard to property with a state equalized value of over $1,000:

> *The redemption period* on those lands deeded to the state pursuant to section 67a that have a state equalized value of $1,000.00 or more *shall be extended until owners of a significant property interest in the lands have been notified of a hearing before the department of treasury.* . . . [Emphasis added.]

On appeal, petitioner argues that the redemption period of § 131c(1) as referred to in § 131e(3) includes the extension of that period by § 131e(1) and that the penalty therefore is properly imposed only when the property is redeemed after notification of a hearing before the Department of Treasury. Petitioner further argues that because it redeemed the property before notification of the hearing, the penalty was improperly imposed.

Respondent replies that the penalty provided in § 131e(3) is properly imposed on expiration of the redemption period set forth in § 131c(1) (after the first Tuesday in November of 1991), notwithstanding the extension of that redemption period by § 131e(1).

Because reasonable minds can differ concerning the meaning of the statute with regard to the timing of the imposition of the fifty percent penalty, judicial construction of the statute is appro-

priate. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989).

We construe the statute as follows. The phrase "Following the expiration of the redemption periods provided by section 131c" in MCL 211.131e(3); MSA 7.190(3)(3) refers to the redemption period provided by section 131c *as extended by section 131e(1).* Every phrase, clause, and word of a statute must be given effect. *Gebhardt v O'Rourke,* 444 Mich 535, 542; 510 NW2d 900 (1994); *Jenkins v Great Lakes Steel Corp,* 200 Mich App 202, 209; 503 NW2d 668 (1993). To hold as respondent urges would be to render § 131e(1) without meaning or function.

Because petitioner redeemed the property before notification of a hearing before the Department of Treasury—before the expiration of the redemption period set forth in § 131c(1), as extended by § 131e(1)—petitioner was not subject to the penalty of $102,823.20. Petitioner is entitled to reimbursement of this amount.

Intervenor Attorney General asserts that the Tax Tribunal lacked jurisdiction to interpret the penalty provision and to order refund of the penalty where the tax sale was conducted pursuant to an order of the circuit court. The Attorney General argues that an appeal from the circuit court judgment should be pursued in the appellate courts.

The penalty imposed herein for redemption of properties after a certain date necessarily is related to the actual delinquent taxes, interest, and special assessment fees that must be paid in order to redeem the property. MCL 211.131c(3); MSA 7.190(1)(3). The tribunal possessed jurisdiction to decide the instant action. *Xerox Corp v Oakland Co,* 191 Mich App 433; 478 NW2d 702 (1991).

Affirmed.