[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PREJUDGMENT REMEDIES
Plaintiff has applied for prejudgment remedies against the City of Hartford (City) and Stack Contracting Services, Inc. (Stack). It has presented, inter alia, the following facts:
On or about September 4, 1990, Stack sent Ten Hoeve a written open account agreement whereby Stack agreed to certain terms and conditions in the event Ten Hoeve sold merchandise to Stack.
Pursuant to that Agreement, Ten Hoeve sold merchandise to Stack on open account and invoiced Stack therefore.
In connection with the sale of merchandise to Stack on open account, Ten Hoeve maintained a record of Stack's account indebtedness to Ten Hoeve and submitted to Stack statements of Stack's account indebtedness on a monthly basis.
According to Ten Hoeve's records, the total amount due from Stack to Ten Hoeve for merchandise supplied by Ten Hoeve CT Page 3528 to Stack, inclusive of accrued finance charges, is $51,848.00 as of January 31, 1993.
On or about June 29, 1992, Mr. Raymond Miller (Miller) at the Department of Public Works of the City of Hartford and was told that Ten Hoeve had supplied merchandise for the City of Hartford public works yard project and that Stack had not paid Ten Hoeve for the merchandise. At the request of Miller this was confirmed by letter dated June 29, 1993.
The merchandise supplied by Ten Hoeve to Stack for the project is itemized as follows:
 Inv. Date Inv. No. Amount --------- -------- ------ 12/10/91 86834 $6,103.64 1/10/92 88138 335.66 1/10/92 87722 3,256.89 1/10/92 67718 298.61 2/20/92 89504 57.94 2/20/92 89350 2,169.08 3/10/92 89766* 538.06 4/15/92 58565 11,541.86
There is a balance of $24,301.74 for merchandise supplied by Ten Hoeve to Stack for the project.
City has failed and refused to pay Ten Hoeve for the merchandise supplied by Ten Hoeve for the project.
LAW
I. Re City
A. Statute
Our statute, Conn. Gen. Stats. 49-41(a) requires that CT Page 3529
 "Before any contract . . . is awarded to any person, said person shall furnish . . . a bond in the amount of the contract . . .".
Our prior statute on the subject was worded, in pertinent part, as follows:
 "Any officer or agent contracting on behalf of any [city] . . . shall require from each contractor as a condition precedent to the execution of a contract . . . a bond for sufficient surety . . . for the payment of [laborers and material suppliers]."
General Statutes (1930 Rev.) 5109.
As a result of this change our Appellate Court has held that the present statute imparts no ministerial duty on a town to obtain a payment bond from a general contractor hired to do work on a public project. O G Industries, Inc. v. New Milford, 29 Conn. App. 783, 785. (Petition for Certiorari filed February 25, 1993.) The court reasoned that the prior statute did place a duty on the town to "require from each contractor . . . a bond" but that the present statute shifted the burden from the town to the "person [who] shall furnish . . . a bond."
The Appellate Court found strong support for its opinion in Michigan, Barnes Sweeney Enterprises, Inc. v. Hazel Park, 169 Mich. App. 422, 425 N.W.2d 572 (1988) and the United States Court of Appeals for the Seventh Circuit case of Arvanis v. Noslo Engineering Consultants, Inc., 739 F.2d 1287
(7th Cir. 1989) cert. denied 469 U.S. 1191 (Miller Act case).
The Michigan statute and the Miller act, 40 U.S.C. § 270a(a), both use language that may be read as placing the burden on the "person" to furnish the bond, rather than on the town to require one.[1]
B. Equity
The history of our statute is given in Norwalk v. Daniele, 143 Conn. 85. CT Page 3530
Before 1917 the law was that "a mechanic's lien under our [mechanic's lien] statute (4135-4138) cannot be established against land belonging to the state or to . . . communities created by the state . . . (like counties and towns), for services and materials furnished in constructing buildings thereon . . ." Fenton v. Fenton Building Co.,90 Conn. 7, 13. Then in 1917 the legislature, for the "obvious purpose [of remedying] this situation", enacted Chapter 118 of the Public Acts of 1917. Norwalk v. Daniele,143 Conn. 85, 86. From that history we conclude that if no bond is available, the service or material provider is limited to his pre-1917 rights.
The application is denied as to the City.
Stack
The court finds probable cause that plaintiff shall prevail as to Stack and grants a prejudgment remedy of $60,000.00.
N. O'Neill, J.